The appellant's counsel claims that the referee before whom this action was tried erred: First. In denying the motion of the defendant, now appellant, to strike out the evidence of the witness, Eben B. Hooper, on the ground that he was interested in the event of the action; Second. In holding that the associates who purchased the bark "Rising Sun," and pledged her to the defendant to secure the repayment of money advanced by him to them to enable them to purchase and fit her for a voyage to California, were not necessary parties to the action; and Third. In holding that Eben B. Hooper, the plaintiff's assignor, was not a necessary party to the action.
First. Hooper was a competent witness for the plaintiff. He had made to the plaintiff an absolute assignment of the cause of action, and if he remained interested in the event of the action, his interest was not immediate. He could *Page 421 
derive no direct benefit therefrom. (Freeman v. Spalding, 2Kern., 373.)
Second. The action was brought to recover the amount unpaid for the services of Hooper as master of the bark "Rising Sun," after she was taken by the defendant, under the pledge to him, from the possession of the associates. The referee has found in substance that possession was taken of the bark, for the defendant as owner, on the 1st of October, 1849, when Hooper took command of her as master, at the request of the defendant, and continued in such command until December 16th, 1857, the vessel during that time being employed in navigation upon the western coast of the American continent, and principally between the ports of California and Panama, and it is not claimed that this finding was not supported by the evidence. The transactions between the defendant and the associates had no connection whatever with the employment of Hooper to take charge of the vessel after she was taken from their possession; and Hooper, while thus employed, was not acting either as one of the associates, or for or on account of the association. Hooper was accountable to the defendant, and to him only, for his conduct while he thus had charge of the vessel; and the defendant, and he only, was liable to Hooper for the services of the latter. Whether the value of the vessel, at the time the defendant took possession, was sufficient to satisfy his claim, does not appear. If it was not, the association was liable to him for the deficiency, and Hooper was liable therefore only in connection with and as one of the associates. The associates, as such, are entire strangers to the transaction constituting the subject matter of this action, and I can see no propriety in, much less any necessity for, making them parties thereto.
Third. Before the action was commenced, Hooper had parted with all his interest in the subject matter thereof by assignment to the plaintiff. The Code (§ 3) provides that every action must be prosecuted in the name of the real *Page 422 
party in interest, with certain exceptions which do not apply to this case. The action could not, therefore, have been prosecuted in the name of Hooper, and it would have been improper to have joined him as a co-plaintiff, as he had no interest in obtaining the relief demanded. (Code, § 117.)
If, on the statement of the accounts of Hooper as master of the vessel and the defendant as owner, it had turned out that there was a balance due the defendant, then perhaps Hooper would have been a necessary party defendant, on the ground that a complete determination of the controversy could not be had without his being brought in. (Code, § 122.) But even in such case the controversy between the parties to the action could have been completely and fully determined without the presence of Hooper. The only controversy between the parties was whether the defendant was indebted to Hooper, and, if so, in what amount. The moment it was determined that no such indebtedness existed the controversy between them was at an end. The plaintiff was not in the least interested in the question whether Hooper was indebted to the defendant. That question could be settled with much more propriety in an action between Hooper and the defendant as hostile parties, than in one where they were co-defendants. But it is not necessary to pass upon the question whether, in case it had been found that Hooper was indebted to the defendant, the latter would have been a necessary party, as the referee has found that such was not the fact, and that being so, Hooper had no interest whatever in the controversy, and the defendant had no interest in his being made a party.
But it is claimed that the defendant was entitled to the benefit and had the legal right to demand an accounting from Hooper, and an exhibit of his books of account and vouchers relative to his receipts and disbursements while he had charge of the vessel, and that he could not be divested of such right by the assignment, and that such accounting could be had only in an action to which Hooper was a party; that *Page 423 
if, prior to the Code, Hooper had brought an action at law to recover an alleged balance due him for his wages, a court of equity, on a bill filed for that purpose, would have enjoined the proceedings at law, and enforced a settlement of the account in that court; and that, under the Code, not only may an equitable defence to a legal claim be interposed, but affirmative relief of an equitable character be demanded.
The accounts between Hooper and the defendant were in effect stated and settled by the referee, and Hooper was a witness on the trial, and I see not why the same benefit could not be derived from his examination as a witness as from an accounting from him as a party. If the plaintiff had not introduced him as a witness, the defendant could not only have compelled his attendance, but also the production by him of all books and vouchers in his possession or under his control relating to the matters in controversy; and from the case as settled, which purports to set forth all the testimony and proceedings on the trial, it does not appear that any books or vouchers were withheld.
The Code not only allowed but required the action to be in the name of the assignee as plaintiff, and, as before shown, the assignor could not have been joined as co-plaintiff. Under our former system, superseded by the Code, the principal reason why, in cases of an account between parties, a bill in equity was preferable to an action of assumpsit at law, was, that in a court of equity a discovery could be had, which discovery in such cases was obtained by each party examining his adversary under oath before a master. The Code allows an examination of parties in all cases, and further provides (§ 388) that no action to obtain a discovery under oath, in aid of the prosecution or defence of another action, shall be allowed, nor an examination of a party in behalf of an adverse party be had, except as prescribed by the Code. The defendant has had all the benefit of an examination of Hooper which the Code would have allowed had be been a party; as in such case no discovery could *Page 424 
have been obtained except by his examination as a witness on the trial of the action.
It is true that, by the provisions of the Code prior to the amendments adopted April 17, 1857, in case Hooper had been made a party defendant, he would have been an incompetent witness for the plaintiff, provided he was interested in the event of the action; but the plaintiff was under no obligation to make him a party for the purpose of rendering him an incompetent witness.
I think that Hooper was not a necessary party; and if I am right in that conclusion, it follows that the judgment should be affirmed.
COMSTOCK, J., did not sit in the case; all the other judges concurring,
Judgment affirmed.